UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD J. RESMINI, LTD. LAW OFFICES, AND RONALD J. RESMINI, INDIVIDUALLY, Plaintiffs, v. NICHOLAS P. TOURIS AND PPLS, INC., Defendants. | C.A. No. 18-383-JJM-PAS |

## ORDER

Defendants, Nicholas P. Touris and PPLS, Inc., have moved to dismiss Plaintiffs' Complaint for failure to state a claim or, alternatively, to transfer the case to the United States District Court for the Southern District of Florida. ECF No. 9. For reasons set forth below, the Court GRANTS the Defendants' motion and orders this action transferred to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1404(a).

I. BACKGROUND

Plaintiffs, Ronald J. Resmini and his law offices, Ronald J. Resmini, Ltd. Law Offices, brought this action arising from a transaction in which Ronald J. Resmini Ltd. Law Offices entered an agreement to purchase the telephone number (401) 444-4444 from Defendant PPLS. Mr. Resmini and his law offices filed a Complaint in Rhode Island asserting claims for breach of contract and fraud stemming from the

phone number purchase. The contract at issue contains a (1) mandatory choice of venue provision for Broward County, Florida, and (2) damages limitation of $35,000.

II. STANDARD OF REVIEW

Defendants seek to enforce a mandatory forum-selection clause through their Motion to Dismiss. ECF No. 9. This Court's recent decision in *Kula v. Every Watt Matters, LLC*, No. CV 17-297-JJM-PAS, 2018 WL 1595981 (D.R.I. Mar. 29, 2018) sets forth the applicable law and analogous facts. In *Kula*, this Court noted, "A mandatory forum selection clause has a 'strong presumption of enforceability,' and ought to be enforced unless the resisting party can show one of three criteria: 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching ... [or that] enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Kula*, 2018 WL 1595891, at *1 (citing *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 18 (1st Cir. 2009) (alterations in original)).

III. DISCUSSION

A. Plaintiffs have not shown that enforcing the forum-selection clause would be unreasonable and unjust

First, Plaintiffs argue that enforcing this clause would be unreasonable and unjust. ECF No. 11-1 at 4 ("To even suggest the transfer and require Rhode Island witnesses and Plaintiffs and supporting material live witnesses outside the jurisdiction of Rhode Island does not serve the ends of justice."). There is nothing averred in the Complaint, or supported by any evidence submitted with its objection that would support a finding that application of the forum-selection clause here is

unreasonable or unjust. Plaintiff signed the sales agreement with the explicit condition that the parties their bring disputes in Broward County, Florida. ECF No. 9-2 at 3, ¶ 7 ("This Agreement is subject to the laws of the State of Florida, without regard to its conflict of laws principles. Venue for any action shall be in Broward County, Florida").

### B. Plaintiffs have not shown that the forum-selection clause was the product of fraud or coercion

Second, for a forum-selection clause to be unenforceable because of fraud, Plaintiffs must show that the inclusion of that clause in the contract was the product of fraud or coercion. *Kula*, 2018 WL 1595981, at *2 (citing *Lambert v. Kysar*, 983 F.2d 1110, 1121 (1st Cir. 1993)). Plaintiffs have not done so. While the Plaintiffs raise issues of fraud, they raise no claims of fraud over the mandatory forum clause.

### C. Plaintiffs have not shown that enforcing the forum-selection clause would contravene public policy

Finally, Plaintiffs have offered no evidence that enforcing this forum-selection clause would contravene a strong public policy of this forum. In fact, Plaintiffs concede in their brief "[t]here remains to be seen whether or not the activities of the Defendant amount to fraud or coercion." ECF No. 11-1 at 4-5.

## IV. CONCLUSION

So to effectuate the mandatory forum-selection clause, the Court GRANTS the Defendants' Motion (ECF No. 9) and exercises its discretion under 28 U.S.C. § 1404(a) and orders this action transferred to the United States District Court for the Southern District of Florida.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

October 3, 2018